ALBERT E. MACE *vs.* EBEN M. RICHARDSON & TRUSTEES.

Hancock.    Opinion March 11, 1905.

*Trustee Process.    Adverse Claimant.    Assignment.*

The defendant gave the claimant a written assignment of wages to be earned by him under an existing contract with the trustee, the consideration stated being "money, supplies and merchandise to me. already paid and furnished and to be hereafter to me paid, advanced and furnished," and thereafter gave one P. an order for $35. on the claimant who before the service of the trustee process accepted the same in writing, with the understanding that the claimant should be holden upon it only to the extent that the amount due the defendant from the trustees exceeded the amount due from the defendant to the claimant.   The excess so due was $34.46.

*Held:* that to that extent the condition of the acceptance had been fulfilled and the liability of the acceptor was absolute.

That; the liability thus incurred at the defendant's request is within the meaning of the consideration stated in the assignment.

That; the claimant has a just and equitable claim to reimbursement from the fund disclosed.

On report.   Title of claimant sustained with costs.   Trustees discharged.

Assumpsit upon account annexed against the principal defendant and Whitcomb Haynes & Co., trustees.   The trustees duly appeared and filed a disclosure setting forth that there was due Richardson, the principal defendant, from them, at the time of the service of the writ upon them, for wages earned $97.85, and that this sum was claimed by one W. J. Johnston under a written assignment to him from said Richardson, and that under said assignment demand had been made upon said trustees by said Johnston for payment of the aforesaid sum to him.

Said W. J. Johnston filed a written request to be allowed to appear as claimant of the funds disclosed by the aforesaid trustees by virtue of the aforesaid assignment, and therefore he was admitted as a party to the suit for that purpose.

At the hearing upon the question of the liability of the alleged trustees, after the evidence was taken out, by agreement of parties,

the case was reported to the Law Court to decide all questions of law and fact involved.

Further facts appear in the opinion.

*A. W. King*, for plaintiff.

*J. A. Peters*, for claimant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

POWERS, J. This is a trustee process in which the claimant, W. J. Johnston, asserts title to the fund disclosed, by virtue of a written assignment to him from the defendant Richardson of the wages due and to become due for service performed under an existing contract with the trustees to July 1, 1903. The case comes here on report.

It appears that the defendant was owing the claimant a small store account and, having made arrangements with him to furnish the defendant and his family money and supplies while he was away at work upon the drive for the trustees, on March 13, 1903, gave him the assignment, the consideration therein stated being " money, supplies and merchandise to me already paid and furnished and to be hereafter to me paid, advanced and furnished" by the claimant. This assignment was duly recorded long before the service of the writ on June 16, 1903, on which date there was due from the trustees to the defendant $97.85 for driving, and from the defendant to Johnston, as he claims $98.39. Of the latter sum $63.39 was for cash and supplies furnished the defendant and his family, and the only controversy in the case is over an order on the claimant for $35.00 given by the defendant to Dr. Patten, and which we find as a fact was accepted in writing by the claimant the day before the service on the trustees. The acceptance was with the understanding between Dr. Patten and the claimant that the claimant should be holden upon it only to the extent that the amount, which was due Richardson for his driving wages, exceeded the amount then due from Richardson to the claimant.

It is urged that the amount of this order cannot be allowed to the claimant because at the time of service upon the trustees it had not

been paid and the acceptance was conditional. True it was conditional, but the condition had been fulfilled to the extent of $34.46, the amount by which the driving wages of Richardson exceeded the amount due from him to the claimant. To that extent it stands precisely the same as if no condition had been attached to the acceptance and constitutes an existing liability of the claimant, enforceable against him by Dr. Patten and incurred at the request of the defendant.

The plaintiff further claims that this sum cannot be allowed to the claimant because it was not money, "paid, advanced or furnished" to Richardson and therefore is not secured by the assignment. We think this too narrow a construction. The same objection might be made to the supplies furnished his family, to provide for and secure which the testimony and situation of the parties show was the chief object of giving the assignment. Money or supplies advanced or furnished to anyone at his request are as much furnished to Richardson, within the meaning of the assignment, as though placed in the debtor's own hand.

As between the claimant and the plaintiff equitable considerations are to prevail so far as the nature of the process will admit. It is evident that the claimant, being holden to pay the $34.46, has a just and equitable claim to reimbursement from the fund disclosed.

> *Title of claimant sustained with costs. Trustees discharged.*